UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GABRIEL HAMMERSTROM,

          Plaintiff,

v.

SYNGENTA AG, SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION LLC, and SYNGENTA SEEDS LLC,

          Defendants.

Case No. 16-CV-1685-JPS

**ORDER**

      On November 17, 2016, Plaintiff filed in Wisconsin state court a putative class action under the Lanham Act against Defendants arising from Defendants' decision to commercialize corn seeds containing a certain genetically modified trait that had not been approved for import by the Chinese government. *See* (Docket #1-1 and #3-1). Defendants removed the case to this Court on December 20, 2016. (Docket #1). The Judicial Panel on Multidistrict Litigation ("JPML") has established a related multidistrict litigation ("MDL") against Defendants in the District of Kansas. (Docket #3 at 1); *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (J.P.M.L. 2015). Defendants have filed with the JPML a notice that this action is a potential tag-along to the MDL. (Docket #3 at 2). Defendants have filed in this Court, with Plaintiff's consent, a motion to stay proceedings pending a decision from the JPML whether to transfer this action into the existing MDL in the District of Kansas. *Id.* Such motions have been filed and granted in numerous similar cases brought in other districts around the country. *See id.* at 3 & n.3.

In light of the parties' consent, and because granting a stay under these circumstances will promote judicial economy and avoid inconsistent litigation results, the Court will grant the motion. *See Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (recognizing that stays pending MDL transfer decisions are prudent "in the interest of judicial economy and to avoid inconsistent results"); Wright, Miller & Cooper, 15 Fed. Prac. & Proc. Juris. § 3866.1 (4th ed. 2016) (stay pending JPML transfer decision is proper when it would promote "the policies of judicial economy, efficiency, and consistency that are deeply embodied in the MDL statute"); *La. Stadium & Exposition Dist. v. Finan. Guar. Ins. Co.*, Civil Action No. 09–235, 09–2738, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (noting that judicial resources would be wasted if the court "spen[t] time familiarizing itself with the intricacies of a case. . .that will ultimately be heard by another judge").

Accordingly,

**IT IS ORDERED** that Defendants' consent motion to stay (Docket #3) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **STAYED** until **twenty-one (21) days** after the JPML determines whether to transfer this action into the MDL established in the District of Kansas and completes any transfer of the action pursuant to 28 U.S.C. § 1407.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge